UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

<u>Kurt W. Vorisek and Fritz E.</u>
<u>Vorisek, Individually and as</u>
<u>Beneficiaries of the Jean E.</u>
<u>Vorisek Family Trust; and</u>
<u>Jean E. Allan, Individually</u>
<u>and as Trustee of the Jean E.</u>
<u>Vorisek Family Trust,</u>
    Plaintiffs,

    v.                                    Civil No. 06-cv-224-SM
                                      Opinion No. 2006 DNH 118

<u>Robin A. Arkley, II; SN Servicing</u>
<u>Corporation (f/k/a Security</u>
<u>National Service Corporation);</u>
<u>Ingomar, LP; SNGC, LLC; Security</u>
<u>National Funding; Ingo, LP;</u>
<u>Lawyers Recovery and Litigation</u>
<u>Services, Inc.; Regional Financial</u>
<u>Services, LLC; Regional Financial</u>
<u>Services, LP; Christiana Bank and</u>
<u>Trust; John Doe; and Mary Roe</u>
    Defendants


**O R D E R**


Although cast as a vague federal claim asserting unfair competition and civil racketeering, in reality pro se plaintiffs' complaint seeks injunctive relief necessary to block a foreclosure sale of property owned by the Jean E. Vorisek Family Trust.[1]  The primary difficulty plaintiffs face is that final

_____

[1]  The complaint makes wide-ranging allegations of fraud, corruption, attorney conflicts of interest, and breaches of the duty of loyalty, etc., against a host of individuals and firms,

judgments were entered in earlier state court proceedings that effectively preclude their claims in this forum.

## Background

Plaintiff, Jean E. Allan ("Allan") (formerly Jean E. Vorisek and Jean E. Quinn) established the Jean E. Vorisek Family Trust, which she controlled (and still controls) as the sole trustee. The trust held title to real property and also owned a business, Business Assets Management, Inc. ("BAM"), which in turn acquired all the common stock of Senter Cove Development Company, Inc. ("Senter"). In 1989, BankEast (now defunct) sued BAM, Senter, and Allan for failure to repay amounts advanced under a line of credit extended by the bank — a line that Allan personally guaranteed. That suit was resolved by a Stipulation and Settlement Agreement between BankEast and Allan, BAM, and Senter, dated October 12, 1989, which was approved and adopted by the New Hampshire Superior Court. BankEast v. Senter Cove Development Co., Inc.; Business Assets Management, Inc.; and Jean E. Quinn,

---

but none of the objects of those claims are named as defendants. The named defendants are persons or entities that own, or once owned, an interest in a state consent judgment for a liquidated amount entered in favor of BankEast, formerly a New Hampshire bank, and against Plaintiff Jean E. Allan and two companies she owned, which judgment was secured by a mortgage deed to real property owned by the Jean E. Vorisek Family Trust, a trust created and controlled by plaintiff Allan.

<u>Individually</u>, No. 89-M-2809, New Hampshire Superior Court

(Hillsborough County).


    The Settlement Agreement provided, in part, as follows

(emphasis supplied):


        1.   All of the <u>Defendants hereby knowledge (sic)</u>
    <u>and admit that as of October 5, 1989, they are jointly</u>
    <u>and severally liable to Plaintiff to the sum of</u>
    <u>$288,550.48.</u>   Accordingly, the <u>Defendants hereby</u>
    <u>consent to the entry of a judgment</u> in favor of the
    Plaintiff against the Defendants in said amount which
    includes all interest, costs, fees and expenses through
    and including October 5, 1989.

        2.   The <u>Defendants likewise admit and agree that</u>
    <u>said judgment will continue to accrue interest</u> in favor
    of the Plaintiff at the rate of $91.45 per day
    commencing on October 6, 1989, and accruing on each
    successive day thereafter until the judgment is
    satisfied.

        3.   <u>All three Defendants hereby agree</u> that within
    three days after execution of this agreement <u>that they</u>
    <u>will deliver to the Plaintiff statutory form mortgages;</u>
    <u>upon any and all real estate which they own, wherever</u>
    <u>located which shall grant to the Plaintiff the</u>
    <u>statutory power of sale exercisable by the Plaintiff in</u>
    <u>the event the Defendants, jointly or severally, fail to</u>
    <u>satisfy all of their obligations and undertakings as</u>
    <u>set forth herein.</u>


Within a week, Allan, as trustee of the Vorisek Family Trust,

dutifully executed a mortgage deed in favor of BankEast "to

secure the payment of all sums due under a judgment in favor of

the Mortgagee [BankEast] dated October 12, 1989 in <u>BankEast vs.
Senter Cove Development Company, Inc., Business Assets
Management, Inc. and Jean E. Quinn</u>, Hillsborough County Superior
Court, Docket No. 89-M-2809, in the amount of Two Hundred Eighty-
Eight Thousand Five Hundred Fifty Dollars and Forty-Eight Cents
($288,550.48) plus interest of Ninety-One Dollars and Forty-Five
Cents ($91.45) per day beginning October 3, 1989 and continuing
until the date of payment thereunder . . . ." The mortgage, with
statutory power of sale, applied to property owned by the Vorisek
Family Trust located in Center Harbor, New Hampshire. The
executed deed was delivered and recorded in the land records of
Belknap County.

The Settlement Agreement obligated BankEast to forebear from
taking any action to enforce the judgment or the mortgage for a
period of ninety days, until January 3, 1990. If the defendants
did not pay the judgment amount by 5:00 p.m. on January 3, 1990,
then BankEast was free to exercise its rights under the mortgage.
The judgment debt was not paid (and remains unpaid).

BankEast failed shortly thereafter and the Federal Deposit
Insurance Corporation ("FDIC") took over as receiver. The bank's
assets were marshaled and distributed or sold, and its interests

4

in the line of credit note, the 1989 judgment, and the Center
Harbor mortgage at issue here passed through a number of owners
over the years.

In 1997, Allan brought a quiet title petition in the New
Hampshire Superior Court against the FDIC's agent, Bank One New
Hampshire, seeking to challenge the mortgage deed's
enforceability.  <u>Jean E. Quinn, et al. v. Bank One New Hampshire,
et al.</u>, No. 97-E-0202, New Hampshire Superior Court (Belknap
County).  That case was dismissed, however, after the Superior
Court concluded that it was without jurisdiction over claims
against the FDIC.

In 2001, Allan brought another quiet title petition in state
court, this time against Regional Financial Services, a successor
to BankEast's interests in the line of credit note, the 1989
judgment, and the Center Harbor Mortgage securing payment of that
judgment.  In that case, the Superior Court determined that
Allan's claims of pre-settlement (and pre-judgment) fraud by
BankEast (and perhaps others) were barred by the doctrines of res
judicata and collateral estoppel.  Specifically, the court
concluded that Allan and the other defendants in BankEast's 1989

collection suit could and should have raised as defenses the very
claims she was asserting in the quiet title petition:

> The petitioners also claim that if the trial judge
> who approved the stipulation in 1989 had been made
> aware that BankEast was allegedly acting fraudulently,
> he would not have so approved the agreement.  However,
> it is apparent from the petitioner's pleadings that
> they were aware of this alleged fraud at that time.
> The issue in the instant litigation is identical to the
> first action.  Moreover it was resolved finally on the
> merits.  As BankEast's successor in interest, the
> intervenor is in privity with BankEast.  Moreover
> petitioners had a full and fair opportunity to litigate
> the matter at the time and chose not to.  Instead, they
> agreed to the above referenced settlement stipulation.
> The petitioners could have raised their concerns
> regarding the validity of the agreement at that time
> and are precluded from relitigation by virtue of their
> failure to do so.

The quiet title petition was dismissed.  <u>Jean Quinn, as Trustee
of the Jean E. Vorisek Family Trust, and as Sole Stockholder of
Business Assets Management, Inc. and its Wholly Owned Subsidiary,
Senter Cove Development Co., Inc. v. RFS, Inc., D/B/A Regional
Financial Services</u>, No. 01-E-0015, New Hampshire Superior Court
(Belknap County), Order of October 23, 2002 (Smukler, J.).  Allan
appealed to the New Hampshire Supreme Court, which affirmed the
trial court's decision.  <u>Jean E. Quinn, as Trustee et al. v. RFS,
Inc.</u>, No. 2002-0757, New Hampshire Supreme Court, Order dated
January 31, 2003.

In 2005, SN Servicing Corporation brought suit against Allan, individually and as Trustee of the Vorisek Family Trust, seeking a decree permitting the sale of the Center Harbor property pursuant to the foreclosure provisions of the mortgage deed.  SN Servicing was acting as agent of Ingomar, LP, the latest successor in interest to BankEast's rights.  <u>SN Servicing Corp. as Agent for Ingomar, LP v. Jean Elizabeth Allan, individually and as Trustee</u>, No. 05-E-0078, New Hampshire Superior Court (Belknap County).  The state court restricted Allan's defenses in that case, given Judge Smukler's earlier ruling in 2003, and held that Ingomar was the exclusive owner and holder of the mortgage on the Center Harbor property, that the 1989 judgment secured by the mortgage had not been paid, and that Ingomar was entitled to a decree for sale pursuant to N.H. Rev. Stat. Ann. ch. 499:22.  <u>Id</u>., Order dated September 26, 2005 (McHugh, J.).

Allan again appealed, and the New Hampshire Supreme Court again summarily affirmed the trial court's decision.  <u>SN Servicing Corporation as Agent for Ingomar, LP v. Jean Elizabeth Allan, Individually and as Trustee</u>, Case No. 2005-0814, New Hampshire Supreme Court, Order dated April 21, 2006.

7

**Discussion**

The pro se pleadings in this case are understandably narrative in tone and tell a long and complicated story, often straying well beyond the issue at hand — enforceability of the mortgage deed.  But, when all is said and done, plaintiffs' claims against the named defendants amount to a request that this court enjoin the foreclosure sale of the Center Harbor property under the mortgage deed given to secure BankEast's 1989 judgment, even though the state courts have finally determined that the sale may go forward.  Plaintiffs offer theories of fraud and corruption underlying the initial extension of credit by BankEast in an effort to attack the consent judgment, but the state court held that those theories were available to plaintiffs in the initial collection suit in 1989, and, having not been asserted, were deemed barred in the later litigation.

Although the Supreme Court recently limited the scope of the Rooker–Feldman doctrine in Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280 (2005), still, this case falls squarely within that now limited reach.  Under the Rooker–Feldman doctrine, federal district courts lack jurisdiction over "federal complaints . . . [that] essentially invite[] federal courts of first instance to review and reverse unfavorable state-court

judgments." <u>Federacion de Maestros de Puerto Rico v. Junta de Relaciones del Trabajo de Puerto Rico</u>, 410 F.3d 17, 20 (1st Cir. 2005) (citing <u>Exxon Mobil</u>, 125 S.Ct. at 1521; <u>D.C. Court of Appeals v. Feldman</u>, 460 U.S. 462 (1983); <u>Rooker v. Fidelity Trust Co.</u>, 263 U.S. 413 (1923)).

   After <u>Exxon Mobil</u>, the doctrine "now applies only in the 'limited circumstances' where 'the losing party in state court filed suit in federal court after the state proceedings ended, complaining of an injury caused by the state-court judgment.'" <u>Federacion de Maestros</u>, 410 F.3d at 23-24 (citations omitted). When "the highest state court in which review is available has affirmed the judgment below and nothing is left to be resolved, then without a doubt the state proceedings have 'ended.'" <u>Id</u>. at 24.

   Plaintiffs filed this federal suit on June 16, 2006, years after the New Hampshire Superior Court entered the consent judgment establishing the debt owed BankEast and the time to appeal that judgment expired, well after the Superior Court entered judgment dismissing Allan's quiet title petition and the New Hampshire Supreme Court affirmed that judgment, and, finally, well after the New Hampshire Supreme Court affirmed the Superior

9

Court's issuance of a decree authorizing sale of the Center Harbor property pursuant to the mortgage deed given by Allan, as Trustee of the trust she controlled, to secure the 1989 judgment in favor of BankEast.  So, this suit was filed after state proceedings "ended," meeting the test established in Exxon Mobil.

Besides the timing issue, deciding whether Rooker-Feldman bars plaintiffs' federal suit also requires the court to "determine what the state court held and whether the relief that the plaintiffs requested in their federal action would void the state court's decision or would require [the court] to determine that the decision was wrong."  Hill v. Town of Conway, 193 F.3d 33, 39 (1st Cir. 1999).  Here that is rather apparent.  The state courts have unmistakeably held, rightly or wrongly, that BankEast's successor in interest is authorized under state law to exercise its right of sale under the mortgage deed securing the 1989 consent judgment against Allan, and so may proceed to conduct a foreclosure sale of the Center Harbor property.

The relief plaintiffs seek in this federal suit is also fairly clear.  They ask this court to enjoin the very sale of the Center Harbor property that the state courts have authorized, which relief would necessarily require this court to void the

10

contrary state court decisions or determine that they were wrong.
That is precisely what <u>Rooker-Feldman</u> precludes; indeed this
court is without subject matter jurisdiction to review a final
state court judgment.  <u>See</u> <u>Maymo-Melendez v. Alvarez-Ramirez</u>, 364
F.3d 27, 33 n.7 (1st Cir. 2004); <u>Mandel v. Town of Orleans</u>, 326
F.3d 267, 271 (1st Cir. 2003).  With a few exceptions not
applicable here, only the United States Supreme Court is
empowered to review a state court's final judgment.  <u>Exxon Mobil</u>,
125 S. Ct. at 1526.


## Conclusion

As the court lacks subject matter jurisdiction, under the
<u>Rooker-Feldman</u> doctrine, to review, modify or void the state
courts' judgments, and given that plaintiffs' suit seeks that
very relief, the defendants' motion to dismiss (document no. 11)
is hereby granted.  The Clerk of Court shall enter judgment in
accordance with this order and close the case.

**SO ORDERED.**

Steven J. McAuliffe
Chief Judge

October 16, 2006

cc:  Kurt W. Vorisek, pro se
     Fritz E. Vorisek, pro se
     Jean E. Allan, pro se
     Mark C. Rouvalis, Esq.
     Michael J. Kenison, Esq.